IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          CASE NO. 14-04827 (ESL)

ANGEL M. DIAZ COLLAZO                           CHAPTER 13

          Debtor

OPINION AND ORDER

This case is before the court upon the *Objection to Debtor [sic] Claimed Exemptions* filed by the Chapter 13 Trustee (the "*Objection*", Docket No. 15) and the *Response* thereto filed by the Debtor (Docket No. 19). Also before the court is the renewed *Objection* filed by the Chapter 13 Trustee (the "*Renewed Objection*", Docket No. 27) to *Amended Schedules A and C* (Docket Nos. 25 and 26) and the *Unfavorable Report on Confirmation* (the "*Unfavorable Report*", Docket No. 28) grounded on the *Renewed Objection*. The Chapter 13 Trustee argues that only one individual may claim a homestead right under Puerto Rico's Home Protection Act No. 195 enacted on September 13, 2011 (the "2011 PR Home Protection Act"), 31 L.P.R.A. §§ 1858 *et seq*., as amended, while in the instant case the debtor and his non-filing spouse have both claimed such homestead. The Debtor contends that both him and his non-filing wife are entitled to claim the homestead exemption over the real property. For the reasons stated below, the Chapter 13 Trustee's *Objection*, *Renewed Objection* and *Unfavorable Report* (Docket Nos. 15, 27 and 28) are hereby denied.

Procedural Background

The Debtor filed a Chapter 13 bankruptcy petition on June 13, 2014. See Docket No. 1. In his *Schedule C*, the Debtor claimed a full homestead exemption afforded the 2011 PR Home Protection Act over his principal residence in a total value of $149,704.99. See Docket No. 1, p. 24. He is married to Ana M. Jimenez Rodriguez, who is a non-filing spouse. See Docket No. 1, p. 40, ¶ 16. The Debtor and his wife purchased their principal residence after their marriage.

-1-

On July 31, 2014, the Chapter 13 Trustee filed an *Objection to Claimed Exemptions* (Docket No. 17) claiming that: (a) the Debtors had not provided him with a copy of the homestead deed; and that (b) "per the homestead deed provided by debtor [], both debtor and his non-filing spouse have claimed the homestead exemption, thus, debtor is ineligible to claim the homestead exemption pursuant to state law" (Docket No. 17, p. 3, ¶ 4).

On August 13, the Debtor filed his *Response* (Docket No. 19) providing a copy of the homestead deed and attesting that: (a) exemptions must be liberally construed; (b) pursuant to Rivera García v. Hernández Sánchez, 189 D.P.R. 628 (2013), and Article 9 of the 2011 PR Home Protection Act, the Debtor can claim his homestead right. He also contends that because he and his non-filing spouse were the registered titleholders of the real property at the Puerto Rico Property Registry, pursuant to Rivera García, *supra*, both of them had to appear in the notarial deed to claim the homestead under the 2011 PR Home Protection Act.

On December 15, 2014, the Debtor filed *Amendment[s] of Schedule[s] A [and] C* to "correct the amount of secured claim" (Docket Nos. 25 and 26).

On December 30, 2014, the Chapter 13 Trustee filed the *Renewed Objection* (Docket No. 27) restating the same arguments in the prior *Objection* (Docket No. 15). On that same date, the Chapter 13 Trustee filed the *Unfavorable Report* (Docket No. 28) on the grounds that the "Trustee's objection to exemption filed in dkt# 27is pending".

On January 2, 2015, the Debtor filed an *Answer to Unfavorable Report* (Docket No. 29) referencing his *Response* filed at Docket No. 19.

Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

Applicable Law and Analysis

*(A) Exemptions in General*

When a debtor files a bankruptcy petition, all of his/her/its assets become property of the bankruptcy estate [11 U.S.C. § 541] subject to the debtor's right to reclaim certain property as

exempt under 11 U.S.C. § 522. See Taylor v. Freeland & Kronz, 503 U.S. 638, 642 (1992). Property becomes exempt by operation of law when no objections are filed. See 11 U.S.C. § 522(l). Exemptions should be liberally construed in furtherance of the debtor's right to a "fresh start". In re Gutierrez Hernández, 2012 Bankr. LEXIS 2735 at *5, 2012 WL 2202931 at *2; In re Newton, 2002 Bankr. LEXIS 2089 at *7, 2002 WL 34694092 at *3 (B.A.P. 1st Cir. 2002); Christo v. Yellin (In re Christo), 228 B.R. 48, 50 (B.A.P. 1st Cir. 1999). A "fresh start" does not translate to a "head start". In re Goldberg, 59 B.R. 201, 208 (Bankr. N.D. Okla.1986). "The basis for exemption laws is that by providing a debtor to retain a minimum level of property, the debtor and his or her family will not be completely destitute and thus a burden to society." Id. at 208.

*(B)      The Principal Residence Belongs to the Conjugal Partnership*

Property rights in bankruptcy are created, defined and determined by state law. See Travelers Casualty & Surety Co. of America v. Pacific Gas & Elec. Co., 549 U.S. 443, 451, 127 S. Ct. 1199, 167 L. Ed. 2d 178 (2007), quoting Butner v. United States, 440 U.S. 48, 55, 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979).

The Debtor's principal residence disclosed in *Schedule C* does not belong to him, but to the conjugal partnership comprised between himself and his wife, the non-filing spouse. "In Puerto Rico, upon marriage, a new entity is created, which commences on the day of marriage and will own property acquired for a valuable consideration during the marriage at the expense of the partnership property, whether the acquisition is made for the partnership or for one of the spouses only; that obtained by the industry, salaries, or work of the spouses or of either of them; the fruits, income, or interest collected or accrued during the marriage, coming from the partnership property, or from that which belongs to either one of the spouses." In re Padilla, 2011 Bankr. LEXIS 4662 at **10-11, 2011 WL 5911243 at *4 (Bankr. D.P.R. 2011), citing Articles 1296 and 1401 of the Civil Code of Puerto Rico, 31 L.P.R.A. §§ 3622 and 3641, and Fernández-Cerra v. Commercial Insurance Co. of Newark, 344 F. Supp. 314, 316 (D.P.R. 1972). The Civil Code of Puerto Rico denominates this new entity as the "conjugal

partnership". See Articles 1295-1315 of the Civil Code, 31 L.P.R.A. §§ 3621-3681; F.D.I.C. v. Martínez Almodóvar, 671 F. Supp. 851, 873 (D.P.R. 1987) ("Under the law of Puerto Rico, a conjugal partnership is established by the act of marriage.") "By virtue of the conjugal partnership the earnings or profits indiscriminately obtained by either of the spouses during the marriage shall belong to the husband and the wife, share and share alike, upon the dissolution of the marriage." Article 1295 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 3621. "All the property of the marriage shall be considered as partnership property until it is proven that it belongs exclusively to the husband or to the wife." Article 1322 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 3647. The parties have not rebutted such conjugal partnership presumption.

A conjugal partnership is "dissolved" only by death or a final judicial decree terminating it or nullifying it on the grounds provided in the Civil Code of Puerto Rico. See Article 1315 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 3681. Only then can either spouse --or the heirs of a deceased one-- claim his/her/their half in said partnership pursuant to Articles 1295 and 1315 of the Civil Code of Puerto Rico Civil, 31 L.P.R.A. §§ 3621 and 3681. Similarly, Article 105 of the Civil Code of Puerto Rico states that a "divorce carries with it a complete dissolution of all matrimonial ties, and the division of all property and effects between the parties to the marriage." 31 L.P.R.A. § 381. Also see In re Pérez León, 2013 Bankr. LEXIS 3859 at **16-18, 2013 WL 5232331 at *6. "Once the marital community [conjugal partnership] has ceased to exist, its members share an ordinary community. Even if the property remains undivided for a long time, it would in any case be property in the process of liquidation. This new community is no longer governed by the norms of the marital community [conjugal partnership] that up until then were applicable to the assets of the spouses." García González v. Montero Saldaña, 7 P.R. Off. Trans. 353, 363-364, 107 D.P.R. 301, 331-332 (1978), citing Puig Brutau, Fundamentos de Derecho Civil, Tomo 4, Vol. 1 (1967), p. 784. Also see Serrano Geyls, Derecho de Familia de Puerto Rico y Legislación Comparada, Vol. 1, Interamerican University School of Law, 2007 ed., p. 457; Rosselló Puig v. Rodríguez Cruz, 183 D.P.R. at 94

(distinguishing the conjugal partnership the from the "post-marital community"); In re Pérez León, 2013 Bankr. LEXIS 3859 at *18, 2013 WL 5232331 at *6. Furthermore, in Calvo Mangas v. Aragonés Jiménez, 15 P.R. Off. Trans. 294, 307, 115 D.P.R. 219, 228 (1984), the Supreme Court of Puerto Rico ruled as follows:

> According to arts. 105 and 1315 of the Civil Code, 31 L.P.R.A. §§ 381 and 3681, it is clear that once a marriage is dissolved by a divorce judgment, the marital community terminates. González López v. Méndez García, 102 D.P.R. 383, 395 (1975); Vega v. Tossas, 70 D.P.R. 368, 372 (1949). When said marital community comes to an end, the property is owned in common by the ex-spouses. In absence of contracts or special provisions, this concept shall be governed by the provisions to such effects contained in arts. 326-340 of the Civil Code, 31 L.P.R.A. §§ 1271-1285.

Articles 326-340 of the Civil Code of Puerto Rico, *supra*, govern properties owned in common ("comunidad de bienes"). In particular, Article 327 of the Civil Code provides that "[t]he share of the participants in the benefits as well as in the charges, shall be proportioned to their respective shares." 31 L.P.R.A. § 1272. In the case of an ordinary community created upon the termination of a conjugal partnership, each ex-spouse, now co-member, owns a 50% share of the community. See Article 1322 of the Civil Code, 31 L.P.R.A. § 3697 ("the net remainder of the partnership property shall be divided, share and share alike, between the husband and the wife, or their respective heirs"); Calvo Mangas v. Aragonés Jiménez, 15 P.R. Off. Trans. at 307, 115 D.P.R. at 228 ("the participation of the co-owners --ex-spouses-- is on a share and share alike basis"); In re Pérez León, 2013 Bankr. LEXIS 3859 at **19-20, 2013 WL 5232331 at *7.

*(C)*     *The Bankruptcy Estate and the Non-filing Spouse*

In In re Rivera-Guzmán, 513 B.R. 202, 205 (Bankr. D.P.R. 2014), this court stated as follows:

> Section 541(a)(2)(B) of the Bankruptcy Code provides that the bankruptcy estate also comprises "[a]ll interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is ... liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an

allowable claim against the debtor's spouse, to the extent that such interest is so liable." 11 U.S.C. § 541(a)(2)(B). The term "spouse" used in Section 541(a)(2) includes a former spouse when the ex-spouses have not partitioned the property of their former conjugal community, even if the conjugal community was terminated pre-petition. See In re Santiago Vélez v. Pérez León (In re Pérez León), 2013 Bankr. LEXIS 3859 at **9-10, 2013 WL 5232331 at *3 (Bankr. D.P.R. 2013); In re Brassett, 332 B.R. 748, 754 (Bankr. M.D. La. 2005); In re Robertson, 203 F.3d 855, 861 (5th Cir. 2000) ("[c]ourts addressing the issue have held that community property which has not been legally divided as of the commencement of the bankruptcy case passes to the debtor's estate"); In re Hendrick, 45 B.R. 976, 983-984 (Bankr. M.D. La. 1985).

"As a result of Section 541(a)(2), to the extent that [conjugal] community property is subject to equal or joint management and control by the spouses, a [bankruptcy] petition by one spouse alone passes all of such community property, plus community property under the sole control of the debtor spouse, to the [bankruptcy] estate." Odes Ho Kim v. Chong Ann Kim (In re Odes Ho Kim), 405 B.R. 179, 185 (Bankr. N.D. Tex. 2009), aff'd 2009 U.S. Dist. LEXIS 132842 (N.D. Tex. 2010), aff'd 748 F.3d 647 (5th Cir. 2014). The non-filing spouse does not lose his/her vested economic interests under state law. See In re Odes Ho Kim, 748 F.3d at 656. In other words, "[t]he filing of a bankruptcy petition by a spouse in a community property state [like Puerto Rico] results in an estate encompassing all of the noncommunity property of the debtor and *all* of the community property of the debtor and the debtor's spouse over which the debtor has sole, equal or joint management and control." 1-2 Collier Family Law and the Bankruptcy Code ¶ 2.02 (original italics). Hence, "even though only one of the spouses filed this [bankruptcy] case, all of their community property becomes property of the estate". In re Pérez, 302 B.R. 661, 662 (Bankr. D. Az. 2003).

*(C)     Exemptions for Bankruptcy Estates that Include Conjugal Community Properties*

"Only an 'individual debtor' can claim exemptions for property that comes into the bankruptcy estate." 1-4 Collier Family Law and the Bankruptcy Code ¶ 4.04[1], citing 11 U.S.C. § 522(b). Hence, when both spouses in a conjugal community jointly file for bankruptcy, "Section 522 [of the Bankruptcy Code] applies separately to each debtor pursuant to subsection (m), subject to the limitation set forth in subsection (b), which was added by the

1984 amendments to the Code." Allan N. Resnick and Henry J. Sommes, 4 Collier on Bankruptcy, ¶ 522.04 [5] (16th ed. 2013). Also see In re Gentile, 483 B.R. 50, 54 (Bankr. D. Mass. 2012). "Whenever a husband and wife both become debtors under the [Bankruptcy] Code through voluntary or involuntary proceedings, and their cases are jointly filed and jointly administered, they must both elect the same 'slate' of exemptions", meaning that "if one spouse elects the federal Code exemptions, the other spouse must also elect federal exemptions". Allan N. Resnick and Henry J. Sommes, 4 Collier on Bankruptcy ¶ 522.04[6] (16th ed. 2013).

If only one spouse files for bankruptcy, the filing spouse has the right to select exemptions. Once the debtor has selected one set of either state or federal exemptions, the non-filing spouse cannot, acting under Section 522(d) as a dependent of the debtor and Section 522(l), supplement that list from the other set of exemptions, even if the debtor's list is incomplete. See 1-4 Collier Family Law and the Bankruptcy Code ¶ 4.04[1]. Under Section 522(l) of the Bankruptcy Code, "[i]f the debtor does not [claim exemptions], a dependent of the debtor … may claim property as exempt from property of the estate on behalf of the debtor". 11 U.S.C. § 522(l). Also see Fed. R. Bankr. P. 4003(a) ("If the debtor fails to claim exemptions or file the schedule within the time specified in Rule 1007, a dependent of the debtor may file the list within 30 days thereafter.") When only one spouse in a community property files for bankruptcy, the "filing spouse may claim the non-filing spouse's exemptions if the filing spouse is acting on behalf of the community". In re Morris, 2013 Bankr. LEXIS 1216 at *2, 2013 WL 1187817 at *1 (Bankr. D. Az. 2013), citing In re Pérez, 302 B.R. at 663.

Under Puerto Rico law, all economic transactions incurred by one spouse are presumed to be for the benefit of the conjugal community. See Muñiz-Noriega v. Muñoz-Bonet, 177 D.P.R. 967, 978 (2010), citing R. Serrano Geyls, Derecho de familia de Puerto Rico y legislación comparada, San Juan, Ed. U.I.A., 1997, Vol. 1, p. 338; Article 1307 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 3647. A "[d]ebtor's claim of exemption on behalf of [the non-filing spouse] is binding on him[/her]". In re Morris, 2013 Bankr. LEXIS 1216 at *3, 2013 WL 1187817 at *1. "As a result, [the non-filing spouse] cannot claim an exemption in the

[property] because his[/her] exemption has already been used." In re Morris, 2013 Bankr. LEXIS 1216 at *3, 2013 WL 1187817 at *1. "[E]xemptions must be claimed in good faith". In re Crouch, 33 B.R. 271, 274 (Bankr. E.D.N.C. 1983). The purpose of the incorporation of state law exemption rights in bankruptcy is to "ensure that the trustee takes in each state whatever would have been available to the creditors if the bankruptcy law had not been passed". In re Pérez, 302 B.R. at 664, citing Hanover Nat'l Bank v. Moyses, 186 U.S. 181, 190 (1902).

*(D)* *The 2011 PR Home Protection Act*

Article 3 of the 2011 PR Home Protection Act, 31 L.P.R.A. § 1858, states as follows

> Every individual or head of family residing in Puerto Rico shall be entitled to own and enjoy, under the homestead right concept, a parcel and the structure located thereon, or a residence under the regime established in the Condominiums Act, which belongs to him/her or which he/she lawfully owns, and occupied by him/her or his/her family exclusively as a principal residence.

In the instant case, there is no dispute that the homestead exemption claimed by the Debtor is for his principal residence, which belongs to the conjugal partnership with his wife, the non-filing spouse. As previously discussed, the Debtor may claim the full homestead exemption in these proceedings on behalf of such conjugal partnership.

Conclusion

For the reasons stated herein, the Chapter 13 Trustee's *Objection*, *Renewed Objection* and *Unfavorable Report* (Docket Nos. 15, 27 and 28) are hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 8th day of January, 2015.

Enrique S. Lamoutte
United States Bankruptcy Judge

-8-